# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                                              Chapter 7

John G. Hazlitt a/k/a John Gerard Hazlitt,                          Case No. 814-75429-A736

        Debtor.
----------------------------------------------------------X

This settlement agreement ("Agreement") is made as of ~~July~~ August 23, 2016, by and among Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Estate of John G. Hazlitt a/k/a John Gerard Hazlitt, having an office located at 400 Garden City Plaza, Suite 403, Garden City, New York 11530, Paul Gribbin ("Mr. Gribbin"), residing at 8 Galahad Lane, Nesconset, New York 11767, Titan Management Corp. ("Titan"), having an office located at 725 Route 25A, Rocky Point, New York and World of Cars, Inc. ("World"), having an office located at 725 Route 25A, Rocky Point, New York.

Whereas, on December 6, 2014 ("Petition Date"), John G. Hazlitt a/k/a John Gerard Hazlitt (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code; and

Whereas, as of the Petition Date, the Debtor owned 33.33% of the shares of Titan and World, respectively; and

Whereas, Titan owns the real property located at 725 Route 25A, Rocky Point, New York ("Real Property"); and

Whereas, World operates an automobile repair shop from the Real Property; and

Whereas, the Trustee sought an Order authorizing a Rule 2004 Examination of Mr. Gribbin, who is the president, a 33.33% shareholder of Titan and 33.33% shareholder of World; and

Whereas, by Order dated June 30, 2015, the United States Bankruptcy Court (Grossman, U.S.B.J.) ("Court") authorized the Trustee to issue a Rule 2004 subpoena to Mr. Gribbin; and

Whereas, the Trustee has examined Mr. Gribbin ("Rule 2004 Examination"); and

Whereas, Mr. Gribbin has provided the Trustee with various documents concerning the Real Property; and

Whereas, following the Rule 2004 Examination, counsel for the Trustee and Mr. Gribbin negotiated a settlement of the Trustee's claims against Mr. Gribbin, Titan and World, subject to the approval of the Court; and

Whereas, without acknowledging the validity of the Trustee's claims or the defenses advanced by Mr. Gribbin and Titan, the Trustee, Mr. Gribbin, Titan and World seek to amicably resolve the disputes among them, and on the terms and conditions set forth therein,

Now therefore, it is hereby stipulated and agreed as follows:

1.     The Recitals stated above are true and correct. The Parties further acknowledge and agree that the foregoing Recitals constitute detailed findings of facts as if they were rendered by a court of competent jurisdiction and are being incorporated into this Agreement for all purposes.

2.  Subject to the approval of the Court, the Trustee shall sell his right, title and interest in the Real Property, subject to existing mortgages, liens, claims and encumbrances, to Mr. Gribbin for the sum of $130,000.00 ("Settlement Amount"), in full and complete satisfaction of the Trustee's and the Estate's claims against Mr. Gribbin, including those with respect to the Real Property. The Settlement Amount shall be paid by either Titan or Mr. Gribbin as follows:

   a.  The sum of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) (the "Down Payment") simultaneously with the execution of this Agreement, in good funds, subject to collection; and

   b.  The sum of Ninety-Seven Thousand Five Hundred Dollars ($97,500.00) ("Balance Payment") in the form of unendorsed bank (cashier's checks), payable within thirty (30) days of approval of the Trustee's motion seeking approval of this Agreement in the manner called for in Paragraph "9" below.

3.  The Settlement Amount payments shall be made payable to "Marc A. Pergament, Chapter 7 Trustee of the Bankruptcy Estate of John G. Hazlitt" and delivered to his counsel, Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, New York 11530, to the attention of Seth M. Choset, Esq., together with an executed counterpart of this Agreement.

4.  In order to effectuate the sale contemplated hereunder, the Trustee shall issue a Trustee's deed for his 1/3 share of the Real Property to Mr. Gribbin or Titan, depending upon who purchases the interest.

5.  As security for the payment of the sums described in Paragraph "2" above, upon execution of this Agreement, Mr. Gribbin, Titan and World shall each execute an Affidavit of Confession of Judgment in the sum of $130,000.00 in favor of the Trustee in the form annexed hereto as Exhibit "A." So long as the payments described in Paragraph "2" above are timely made, the Trustee shall forebear from filing the Affidavit of Confession of Judgment and Confession of Judgment with the Nassau County Clerk.

6.  In the event that Mr. Gribbin, Titan and/or World defaults in making the Down Payment or Balance Payment, and the default is not cured within, five (5) business days of service of the notice of default on Mr. Gribbin (individually and on behalf of Titan and World) with a copy to Mr. Gribbin's counsel in the manner set forth in Paragraph "15" below, the Trustee shall be authorized to file the Affidavit of Confession of Judgment and Confession of Judgment with the Nassau County Clerk without further notice and Mr. Gribbin, Titan and World shall be jointly and severally liable for the sum of $130,000.00, plus interest from July 1, 2016, less credit for payments made hereunder.

7.  Notwithstanding anything set forth herein, at the sole discretion of the Trustee, this Agreement shall be null and void if, within ninety-one (91) days after any installment payments clear the Trustee's bank account:

   a.  Mr. Gribbin, Titan and/or World files a bankruptcy petition under the United States Bankruptcy Code; or

   b.  an involuntary bankruptcy proceeding is commenced against Mr. Gribbin, Titan and/or World, which are not dismissed; and

   c.  due to either event in 7.a or 7.b above, the Trustee is required to return any payments received as a preferential transfer under 11 U.S.C. § 547.

8. As soon as practicable following the Trustee's receipt of this executed Agreement, any other necessary documents and the Down Payment, the Trustee or his counsel shall file and serve a motion with the Bankruptcy Court seeking approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Settlement Motion").

9. In the event that this Agreement is not approved by the Bankruptcy Court, the Trustee shall return the Down Payment paid to the Trustee by Mr. Gribbin and all statements set forth herein shall be null and void.

10. Mr. Gribbin releases any and all claims against the Trustee and the Estate from the beginning of time through the date hereof. On the ninety-first day following clearance of the Down Payment and Balance Payment and the Order granting the Settlement Motion becoming final and non-appealable, the Trustee on behalf of the Estate: (a) releases any and all claims against Mr. Gribbin from the beginning of time through the date hereof; (b) waives any and all claims to and against Titan; (c) waives any and all claims to and against World; (d) will execute the documents necessary to effectuate the transfer of the Debtor's shares of Titan to either Mr. Gribbin or Titan, whomever purchases such shares; and (e) will execute the documents necessary to effectuate the transfer of the Debtor's shares of World to either Mr. Gribbin or World, whomever purchases such shares.

11. This Agreement and the rights and obligations of the parties under this Agreement shall be governed by, and construed and interpreted in accordance with the laws of the State of New York. The Bankruptcy Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations and any and all disputes relating to this Agreement which may arise between the Parties.

12. The Trustee and Mr. Gribbin agree to execute any and all other or further documents reasonably necessary to effectuate the terms of this Agreement upon request by the parties. Such requests, if any, shall be made with advance notice of not less than seven (7) business days.

13. The Trustee and Mr. Gribbin agree to bear the expense of their own respective attorney's fees and costs in connection with this Agreement and the disputes settled by this Agreement.

14. The Trustee and Mr. Gribbin acknowledge and agree that they both participated in drafting this Agreement. The Trustee and Mr. Gribbin therefore agree that any statutory provision or rule of law providing for the interpretation of an instrument against the drafting Party shall not be applicable to this Agreement.

15. Any notice, demand, request or communication that any Party desires or is required to give to or serve on the other Party pursuant to the terms hereof shall be in writing and served as specified herein either by personal delivery, first class mail, facsimile or e-mail service, at the respective addresses provided below. Such documents are conclusively deemed received on the day they are personally served or transmitted by telecopier, or three (3) business days after they are mailed if service is by first class mail. Any notice, demand, request, consent, approval, or communication that any Party desires or is required to give to the other Party must be addressed and served on or delivered to the other Party as follows:

<u>If to the Trustee:</u>

>Marc A. Pergament, Esq.
>c/o Weinberg, Gross & Pergament LLP
>400 Garden City Plaza, Suite 403
>Garden City, New York 11530

with a copy to:

>Weinberg, Gross & Pergament LLP
>Attention: Seth M. Choset, Esq.
>400 Garden City Plaza, Suite 403
>Garden City, New York 11530
>Telephone No.: (516) 877-2424
>Email: SChoset@wgplaw.com

<u>If to Mr. Gribbin, Titan and/or World:</u>

>Mr. Paul Gribbin
>8 Galahad Lane
>Nesconset, New York 11767

with a copy to:

>Certilman Balin Adler & Hyman, LLP
>Attention: Richard J. McCord, Esq.
>90 Merrick Avenue, 9th Floor
>East Meadow, New York 11554
>Telephone No.: (516) 296-7801
>Email: rmccord@certilmanbalin.com

16. Any Party may notify the other Party of a change of contact information by giving the other Party written notice of the new contact information.

17. Mr. Gribbin acknowledges that he fully understands the terms of this Agreement and that the terms herein were explained to him by his counsel and agrees to be bound.

18. If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the Trustee and Mr. Gribbin, as determined from the face of this Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

19. This Agreement constitutes the complete, exclusive, and final agreement between the Trustee and Mr. Gribbin concerning the subject matter hereof, and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Trustee and Mr. Gribbin or any of their respective agents, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement.

20. This Agreement may be executed in counterparts and when each Party has signed and delivered one such counterpart of this Agreement to the other Party, each counterpart shall be deemed an original, and all counterparts taken together shall constitute one and the same Agreement, which shall be binding and effective as to the Trustee and Mr. Gribbin. This Agreement may be executed and delivered by facsimile or electronic mail, which shall have the same force and effect as if the signatures were original and delivered by non-electronic means.

21. This Agreement may not be modified unless in writing and signed by the parties and approved by the Bankruptcy Court. A provision of this Agreement may be waived only by a writing signed by the waiving Party.

Dated: Garden City, New York
~~July~~ , 2016
August 23

Weinberg, Gross & Pergament LLP
Attorneys for Marc A. Pergament, Chapter 7 Trustee
of the Estate of John G. Hazlitt

By: _____
Seth M. Choset
400 Garden City Plaza, Suite 403
Garden City, New York 11530
(516) 877-2424

Dated: East Meadow, New York
~~July 15~~, 2016
August

Certilman Balin Adler & Hyman, LLP
Attorneys for Paul Gribbin, Titan Management Corp. and
World of Cars, Inc.

By: _____
Richard J. McCord
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7801

_____
Paul Gribbin, Individually and on behalf of Titan

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF            )

On the ____ day of July in the year 2016, before me, the undersigned, personally appeared Paul Gribbin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

5

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the
Estate of John G. Hazlitt a/k/a John Gerard Hazlitt,

                Plaintiff,

  - against -                                          Affidavit of Confession
                                                      of Judgment

Titan Management Corp.,

                Defendants.

-----------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF Suffolk ) ss.:

        Paul Gribbin, being duly sworn, deposes and says:

        I hereby confess judgment herein and authorize entry thereof against me in the sum of $130,000.00, with interest from July 1, 2016, less credit for payments made under the Settlement Agreement referenced below.

        I reside at 8 Galahad Lane, Nesconset, New York 11767 and authorize entry of judgment in Nassau County, New York.

        This confession of judgment is for a debt justly due to the Bankruptcy Estate of John G. Hazlitt a/k/a John Gerard Hazlitt arising from the following facts: Breach of a Settlement Agreement.

        This affidavit is not made in connection with an agreement for the purchase of any commodities for any use.

_____
Paul Gribbin

Sworn to before me this
8th day of ~~July~~ August, 2016.

_____
NOTARY PUBLIC

WENDY A. STAPON
Notary Public, State of New York
No. 01ST5070979
Qualified in Suffolk County
Commission Expires Jan. 6, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the
Estate of John G. Hazlitt a/k/a John Gerard Hazlitt,

           Plaintiff,

- against -                                Affidavit of Confession of Judgment

Titan Management Corp.,

           Defendants.

----------------------------------------------------------------X

STATE OF NEW YORK )
                      )ss.:
COUNTY OF Suffolk )

        Paul Gribbin, being duly sworn, deposes and says:

        I am the President of Titan Management Corp.

        As President of Titan Management Corp., I hereby confess judgment herein and authorize entry thereof against Titan Management Corp. in the sum of $130,000.00, with interest from July 1, 2016, less credit for payments made under the Settlement Agreement referenced below.

        Titan Management Corp. maintains a place of business at 725 Route 25A, Rocky Point, New York 11778 and authorizes entry of judgment in Nassau County, New York.

        This confession of judgment is for a debt justly due to the Bankruptcy Estate of John G. Hazlitt a/k/a John Gerard Hazlitt arising from the following facts: Breach of a Settlement Agreement.

        This affidavit is not made in connection with an agreement for the purchase of any commodities for any use.

                                            Titan Management Corp.

                             By: _____
                                             Paul Gribbin, President

Sworn to before me this
8th day of ~~July~~ August, 2016.

_____
NOTARY PUBLIC

WENDY A. STAPON
Notary Public, State of New York
No. 01ST5070979
Qualified in Suffolk County
Commission Expires Jan. 6, 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the
Estate of John G. Hazlitt a/k/a John Gerard Hazlitt,

           Plaintiff,

- against -                                  Affidavit of Confession
                                             of Judgment

Titan Management Corp.,

           Defendants.

----------------------------------------------------------------X

STATE OF NEW YORK ) ss.:
COUNTY OF Suffolk )

        Paul Gribbin, being duly sworn, deposes and says:

        I am the President of World of Cars, Inc.

        As President of World of Cars, Inc., I hereby confess judgment herein and authorize entry thereof against World of Cars, Inc. in the sum of $130,000.00, with interest from July 1, 2016, less credit for payments made under the Settlement Agreement referenced below.

        World of Cars, Inc. maintains a place of business at 725 Route 25A, Rocky Point, New York 11778 and authorizes entry of judgment in Nassau County, New York.

        This confession of judgment is for a debt justly due to the Bankruptcy Estate of John G. Hazlitt a/k/a John Gerard Hazlitt arising from the following facts: Breach of a Settlement Agreement.

        This affidavit is not made in connection with an agreement for the purchase of any commodities for any use.

                                                     World of Cars, Inc.

                                  By: _____
                                             Paul Gribbin, President

Sworn to before me this
8th day of ~~July~~ August, 2016.

_____
NOTARY PUBLIC

WENDY A. STAPON
Notary Public, State of New York
No. 01ST5070979
Qualified in Suffolk County
Commission Expires Jan. 6, 2019